Norris, J.
This case comes into this court by petition in error. The proceedings sought to be affected by the action of this court originated before the board of county commissioners of this county upon a petition which reads as follows:
The petition is addressed to the board of county commissioners, and makes known the fact that the signers are freeholders of Seneca county, residing in the vicinity of the proposed improvement, and states in substance further that there is a county road running southwardly on the line between sections 28 and 29 in Clinton township, from the northeast corner of section 28 to the Coe road, and at the south end divides the Green Lawn cemetery; that public convenience requires the alteration of said road, and asks that the same be altered as follows: Beginning for such alteration at the northwest corner of the southwest quarter of the northwest quarter of section 28, thence east to the east line of the west half of said section 28, thence south on said east line to the intersection of the same with the Coe road, and there terminating. Said alteration ,to be laid out on lands immediately south of the north line of said southwest quarter of the northwest quarter of section 28,and immediately west of the east line of the west half of said section, and wholly on the lands of the Green Lawn Cemetery Association, the road to be fifty feet in width and completed so as to make the same as good as the present county road.
The petition further asks for the consequent vacation cf so much of the, original road as in the opinion of the board of county commissioners may be rendered necessary by said alteration, as provided by statute. The petition is signed by more than the requisite number of petitioners.
Such proceedings were had before the board of county commissioners that the prayer of the petition was grantee!. The road was established over the route so as to intersect the Coe road at the .point requested,and the old road was vacated as suggested in the petition.
An appeal was taken to the probate court by plaintiffs in error. The probate court upon bearing the case found that the proceedings before the commissioners were erroneous in this, that the petition of Warren P. Noble and others is a joint petition for the vacation of the old county road and tqe *283 location and establishment of anew countyroad; that the proceedings thereunder are distinct and independent, requiring different modes of procedure,and are, therefore,not join-able; and that by reason thereof said board of county commissioners were without jurisdiction in the premises, and proceeded to dismiss the petition upon this finding and adjudged the costs agains the petitioners, and overruled their motion for a new trial. The case was heard, as is evidenced by a transcript of the record of the probate court, upon the petition and other papers which .had been filed by the respective parties before the county commissioners on the hearing before that board, the report of the viewers and the testimony presented to the court.
To this finding and judgment of the probate court exceptions were saved by the defendants in error here, who prepared their bill of exceptions and prosecuted error to that action of the probate court in the court of common pleas of this county, The case was there heard upon error, upon a petition in error, papers, transcripts and bill of exceptions; and upon consideration of which,the common pleas reversed the judgment of the probate court, finding error in the record of the probate court in this, “that the probate' court erred in finding that said petition for the alteration of said road contained a petition for the establishment of a new road and the vacation of an old road, and erred in finding that the said board of county commissioners had no jurisdiction in the premises, and erred in dismissing the said proceedings at the costs of the plaintiffs in error,” defendants in error here.
To the action of the common pleas reversing the judgment of the probate court error is here prosecuted, and the case is submitted upon the same bill of exceptions and original papers that were presented to the court of common pleas. The errors here assigned are, in substance, that the finding and decision of the common pleas was contrary to law and against the weight of the evidence; that the common pleas' erred in rendering judgment against plaintiffs in error for costs, and error in reversing the judgment of the probate court and in remanding the case to that court for further proceedings.
In the language of the supreme court, which is a recita *284 tion of the statute in that regard, “In order to entitle a bill of exceptions to be considered by a reviewing court, it must be shown by a proper journal entry that the bill was ordered made a part of the record.” See Riverside Rubber Co. v. Milan Manf'g Co., 43 Weekly Law Bulletin, 414; Also section 5302, Revised Statutes.
The bill of exceptions before us was allowed by the probate court and is identified and accredited by the following entry made by that court on March 15, 1900: “This day came the said Warren P. Noble and the others of the said petitioners and presented their bill of exceptions taken upon the hearing of this cause, and thereupon the same was examined.allowed and signed and ordered to be filed with the papers in said cause, which is accordingly done.” This is not a proper entry making the bill of exceptions a part of the record. And the probate court makes no other order providing that the bill be a part of the record or ordering that the bill be made a part of the record, and by this failure the bill did not become and is not a part of the record of that court. So that it lacks the vitality requisite to bring up for criticism the error which it is the office of a bill of exceptions to present for review. The bill recites the fact that the petition, transcript and papers used before the commissioners were presented to the probate court at the hearing of the case there as evidence, and undertakes to make them a part of the bill by reference and by exhibits, as well as testimony of the witnesses offered in evidence at the trial. Now, if we must look only to the bill of exceptions for a reproduction of the condition in the probate court and the matters upon which that court acted and the causes that moved that court to the determination of the case as evidenced by its finding and decision, we are met at the very threshold by the fact that what the bill of exceptions purports to exhibit to this court is a part of no record in which this court may look for error. So th,at the case is not here for review upon a bill of exceptions, and was not presented to the court of common pleas by a bill of exceptions that the common pleas might review,and did not, and does not,present any ground upon which a judgment of the probate court might be disturbed.
But upon the theory that the error complained of is error exhibited by the original papers upon which the county com *285 missioners acted, and which by filing followed the case here and are a part of it, upon an examination of them, and aside from the bill, what is the color of the proceedings before the county commissioners which the probate court found to be in substance erroneous? It is claimed by the defendants in error that the proceeding is under section 4638, Revised Statutes,and as contemplated by that section and other sections, which provide what the petition shall contain, and point out the steps to be taken for the alteration of a county road; that the vacation of a portion of the original road is merely the incident to such alteration or change, and is disposed of by section 4635, applying to county as well as state roads, which provides that so much of the original road as lies between the points at which the intersection shall be made shall be and remain vacant. Upon the other hand, the plaintiffs in error assert that the action of the county commissioners invoked by the subject-matter of the petition and the case necessarily presented by it, and by its prayer, is not only the alteration of a road, but is the vacation of a county road also, not as a mere incident to the alteration and which follows it and is a part of the alteration, but which vacation is of itself a substantive proceeding, dependent however upon the granting of the prayer of the petition which asks for the alteration.
The petition at bar asks for the establishment of an open way to be laid out as a county road between the points designated; it calls the new way a change in route of the road to be affected and an alteration of it; it points out the ground over which it now passes and which, when the change is made, it will cease to pass,and while it does not in words call attention to the fact that so much of it as ceases to be a part of the road when the change is made will be no longer of use, yet in substance it points out and declares useless the part which ceases to be a portion of the road,and in a small but very distinct voice asks that that portion be vacated. The change in the route of travel, which is in this petition called an alteration of an old road, is so radical in course and distance as to in fact make a new course and outlet for public travel, and is substantially a new road over which to divert public travel to its intersection with the Coe road; and to make such alteration it would appear necessary to. *286 close up the old road which affords a shorter and more convenient access to the Coe road. Now, this is not the condition which of necessity vacates a portion of an established highway, but is a condition which might be sustained or disapproved in a proceeding under section 4661, which provides for the vacation of a road or a part of a road considered useless, and is a matter which should be submitted and heard and determined under that section.
With this view of the petition and the case presented by the petition, and the remedy and the relief demanded by it, and the proceedings had under it, and the action taken upon it by the county commissioners, we are of the opinion that the proceeding as conceived by the petition and conducted by the commissioners is one which unites the establishment of a new road with the vacation of an old road, the one dependent upon the other, and is inhibited by the law as given to us in the case of Geddes v. Rice, 24 Ohio St., 60. And for this reason, and for all of them, the judgment of the court of common pleas is reversed and that of the probate court affirmed, and this at the costs of defendants in error; and the case is remanded to the court of common pleas for execution. .